### TRANSFER OF DEVISE BY CODICIL.

Circuit Court of Cuyahoga County.

JAMES WADE, EXECUTOR AND TRUSTEE OF THE ESTATE OF NICHO-
LAS BARTLETT, DECEASED, v. CHARLOTTE L. BARTLETT ET AL.

Decided, November, 1905.

*Wills—Construction of Codicil.*

Where the language of a codicil is, "Whereas in said will the one-third equal share in said property was devised to my son N without the intervention of trusteeship, and whereas since the execution thereof good and sufficient reasons satisfy me that the same is required in his case as well as in that of his sister, now I do therefore revoke the said devise and bequest to him and do transfer the same to his wife and children instead"; *Held:* That the codicil did not enlarge the trusteeship provided for the sister but transferred the devise from N to his wife and children.

*Sullivan & Langin,* attorneys.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Nicholas Bartlett by item one of his will, directed that all his household furniture, carpets, pictures, bric-a-brac, books, clothing and things used in and about his residence be divided equally between his three children, Charlotte L. Bartlett, Lydia

M. Gerrard and Nicholas Bartlett, Jr., the children of the deceased child to take the parent's share.

By item two of his will testator directed that all the balance of his personal property be converted into money and divided in the same manner.

By item three of his will testator devised all of his real estate to his executor in trust, to be sold by him and converted into money, and authorized the executor to sell the same at private sale and upon such terms and conditions as should seem fit to him, and until he should so sell, to rent and receive the rents and profits, and, after sale, to divide the net proceeds as provided regarding his personal property.

This will was dated September 29, 1892, and was deposited with the probate judge of Cuyahoga county.

On August 21, 1895, testator desiring to make a codicil to his will and not having the will before him, executed the following:

"Codicil to my last will, dated in 1892, and filed in the office of the Probate Court of Cuyahoga County, Ohio:

"Whereas, in that will James Wade, Esq. the executor thereof was also constituted trustee, for the due protection of the interest of my eldest daughter, Miss Charlotte L. Bartlett, in the property therein devised, for reasons well understood and that still exist; and

"Whereas in said will the one third equal share in said property was devised to my only son Nicholas Bartlett, Jr., without the intervention of trusteeship, and whereas since the execution thereof good and sufficient reasons satisfy me that the same is required in his case as well as in that of his sister, I do now therefore revoke the said devise and bequest to him, and do transfer the same to his wife, Mrs. Minnie Bartlett, and to their children, surviving me, now Lucretia, Mary and Nicholas, instead; and

"The said James Wade, Esq., is hereby constituted trustee in that behalf also (without bond) to make effective this bequest substituted."

After testator's death said will and codicil were probated and plaintiff became executor and trustee as therein named, and brings this action for a construction of said will and codicil

with regard to the nature and extent of his trusteeship thereby created.

It appears that the eldest daughter was and is insane and that the son's habits troubled the father.

There is some little ambiguity occasioned by the wording of the codicil, in that it seems to speak of a general trusteeship for the daughter, Charlotte, while the will provides and defines the terms of a trust upon which her real estate, only, shall be held.

The scheme of the will is simple and clear; testator willed directly to the insane daughter one-third of his personal property; that the executor could then turn over to the guardian for her.

But as to real estate, to avoid trouble in its division and recourse to court proceedings to effectuate a sale thereof, necessary incidents should the title to one-third thereof be vested in an insane person, testator devised it in trust to his executor, whom he vested with power and discretion in its sale.

We think the codicil, so far as it relates to a trustee for Charlotte, clearly refers only to testator's real estate as devised in trust to his executor by the third item of the will.

The sole purpose of the codicil appears to be to substitute the wife and children of Nicholas Bartlett, Jr., in his place as beneficiaries under the will. Remembering the trust therein created because of the insanity of Charlotte, testator continues the trust for the purpose expressed by himself, "to make effective this bequest substituted," and for no other purpose, that we can discover, if indeed it was necessary in the codicil to say anything about the trust created by the will. It is urged by the executor that the codicil should be construed as creating him a general trustee for all the property left to both Charlotte and the wife and children of Nicholas, but if the testator intended any such thing, he did not express such intention in his codicil and the will and codicil are readily construed without recourse to such intendment.

If it was testator's intention by his codicil to create any other trust than that mentioned in the will, he neglected to state any

terms or conditions, limiting or defining the same, or prescribing its administration, and the court can not state them for him.

The executor is directed to administer the estate as if the names of the wife and children of Nicholas Bartlett, Jr., were inserted in the place of the name of said Nicholas Bartlett, Jr., wherever the same occurs in the will.

Judgment accordingly.